HENRY M. NEEDLES, Adm'r,

v.

THOMAS HANIFAN, Adm'r.

</div>

1. PAROL EVIDENCE TO VARY WRITING.—The rule that parol contemporaneous evidence is not admissible to vary the terms of a written instrument applies as well to a receipt as to any other writing so far as it is evidence of a contract, though so far as it is evidence of payment it is only *prima facie* evidence and may be contradicted.

2. RULE APPLIES ONLY BETWEEN PARTIES.—The rule excluding such evidence applies only in suits between the parties to the instrument, and when the suit is between one of the parties and a third person the rule is not applicable.

3. Estoppel.—Estoppels are founded on intention and can not be extended to objects and purposes which the parties can not reasonably be supposed to have had in view. The same principle which will create an estoppel for the prevention of fraud will suppress one when fraud will be produced by its existence.

4. Application of principle.—Where an executor or trustee in his lifetime sold trust lands in connection with lands owned by him in his own right, for a specified sum per acre for the whole tract, the trust lands being of less value per acre than the other, and gave a receipt or memorandum of the sale stating the price per acre for which the whole sold; *held*, in a suit to recover the money received for the trust lands, that it was competent to show the actual value of the lands held in trust, and that in fact the purchase of the other land was the inducement for the whole contract. *Held*, further, that the receipt or memorandum of sale could be contradicted in respect to the value of the land per acre as therein stated.

Appeal from the Circuit Court of St. Clair county; the Hon. W. H. Snyder, Judge, presiding. Opinion filed September 29, 1882.

Mr. George D. Green and Mr. R. F. Wingate, for appellant; that the court erred in not admitting evidence to explain the receipt, cited Elder v. Hood, 38 Ill. 533.

It was competent to show that there was no agreement to give five hundred dollars per acre for the whole tract, and to show the actual value of the trust land: White v. Merrill, 32 Ill. 511; Robinson v. Stow, 39 Ill. 568; Broom's Legal Maxims, 416; Winchester v. Grosvenor, 44 Ill. 426; Rand v. Schofield, 43 Ill. 167.

Mr. R. A. Halbert, Mr. C. F. Noetling, Mr. J. J. Rafter and Messrs. G. & G. A. Koerner, for appellee; that having sold the estate the trustee is estopped to deny the validity of the transaction, and whatever gain he derived belongs to the beneficiaries, cited Hill on Trustees, 535; Van Horn v. Fonda, 5 Johns. 388; White v. Swain, 3 Pick. 365; Irby v. Kitchell, 42 Ala. 438; Bigelow on Estoppel, 435.

The estate passed to the executor and not to the heirs: 1 Williams on Executors, 559; Duffin v. Abbott, 48 Ill. 17.

A different price than that stated in the memorandum can not be proved: Browne on Statute of Frauds, §376; 1 Chitty on Contracts, 140; 2 Kent, § 556.

Needles v. Hanifan.

WALL, J. This case was before us at a former term. McDonough v. Hanifan, 7 Bradwell, 50. The main question as to the liability of the estate of Short was then examined and determined, and we see no occasion to modify the views then announced. The case was then reversed on the ground that the amount allowed was higher than warranted by the evidence, because, while the whole tract sold to Lovingston was nominally rated at $500 per acre, yet it was manifest that the more valuable parcel of seventeen and a half acres, which really belonged to 'Short, was made to sell the less valuable parcel of twenty acres, which he held for the estate of Mrs. Hays, and though he was bound to account for all he received up to the real value, yet he was not chargeable with more. On a subsequent trial the plaintiff produced in evidence the following receipt, which was proved to refer to the transaction in question:

"Received of John B. Lovingston, five hundred dollars, in part payment of thirty-seven acres of land in the Cahokia Commons, adjoining the City of East St. Louis, sold to him this day, at the rate of five hundred dollars per acre; one third cash at the signing of the proper papers; one third cash in one year, and one third in two years, with eight per cent., to be secured by deed of trust upon the property sold.

<div align="right">his<br>
"JOHN ⋈ SHORT.<br>
mark.</div>

"Witness:  A. WOLFER.

"EAST ST. LOUIS, August 3, 1871."

The plaintiff having closed, the defendant called as a witness John B. Lovingston, who bought the lands of Short, who testified: I bought of Short thirty-seven and a half acres; twenty acres of that was land said to belong to the estate of Mary Hays. I did not know that at the time I bought it. I supposed it was all Short's. Lot 28 a contains twenty acres. I paid $18,750 for the thirty-seven and a half acres—at the rate of $500 an acre. I made simply an agreement to pay him at the rate of $500 an acre; that is, $18,750 for the whole. He always claimed to own it all; as far as my knowledge went, it was all his.

*Question.* Was there any difference in value between these two tracts?

Objected to. Defendant's counsel proposed to prove by this witness that the seventeen and a half acre tract was nicely situated, and was good land even for farming purposes; that it was the highest point in and around East St. Louis; that it was not overflowed in 1844; that it was adjoining the town, and sixty feet away from it land was selling for twenty-five, thirty and fifty dollars per foot; that witness considered the property cheap to lay out into town lots at from $750 to $1,000 per acre; that the twenty acre tract was land lying much lower and not good for farming purposes at all, and that the situation of the seventeen and a half acre tract induced the witness to make the purchase; that the seventeen and a half acre tract was worth a great deal more than the other; that the witness held the seventeen and a half acre tract, owing to its location, to be worth about $750 an acre, and the twenty acre tract $250 an acre. That witness bought the two pieces as an entirety, containing thirty-seven and a half acres.

Objected to; objection sustained. Exception taken.

Defendant's counsel proposed to prove that witness never would have given $500 an acre for the twenty acre tract itself; that there was no agreement that witness was to give $500 an acre for the twenty acre tract.

Objected to; sustained. Exception taken.

Witness was asked whether Short would have sold him the seventeen and a half acres for $500 an acre; whether he would have sold that tract without the twenty acre tract; whether witness would have paid $500 an acre for the twenty acre tract alone; what sum he would have paid per acre for the twenty acre tract alone; what sum he would have paid per acre for the seventeen and a half acre tract alone. Which questions were severally objected to; objections sustained by the court, and exceptions taken by defendant's counsel. Defendant then offered Ferdinand Heim, Thomas Winstanley, Bernhard Goede, George Thorne, John B. Bowman and Joseph Chartrand as witnesses to prove the facts attempted to be proved by Lov-

Needles v. Hanifan.

ingston, as to the relative value of the two tracts and their situation, and that the seventeen and a half acre tract largely exceeded in value the other tract. All of which witnesses were admitted by plaintiff's counsel to be respectable citizens of East St. Louis, and to know the value of real estate there. But this was all rejected on motion of plaintiff. The question is now presented whether the circuit court was correct in excluding this testimony. It is insisted that the memorandum is conclusive, and on this ground the evidence was improper. The rule that parol contemporaneous evidence is not admissible to vary the terms of a written instrument, applies as well to a receipt as to any other writing, so far as it is evidence of a contract between the parties, though so far as it is evidence of a payment or delivery, it is merely *prima facie*, and may be contradicted. 1 Gr. Ev. 305.

This receipt or memorandum, is not between the parties to this suit, and the rule above referred to, excluding parol evidence, is applied only in suits between the parties to the instrument: Ib. 279; and this may answer the citations made by counsel from Browne on the Statute of Frauds, and Chitty on Contracts. Between the parties, when the instrument refers to the matter in suit, its terms are, as a general rule, not subject to contradiction by parol, but when between one of the parties to the suit and a third person, this rule is not applicable, and the party to the suit, when bound by the recitals or declaration contained in such a written instrument referring collaterally to the matter in controversy, is so bound upon principles of estoppel only. These principles are intended to operate equitably. A statement in one transaction will not be binding in another which it was not designed to influence and to make an admission binding on the right sought to be enforced, the right must have been acquired on the faith of the admission. Estoppels are founded on intention, and can not be extended to objects and purposes which the parties can not reasonably be supposed to have had in view. "A party to a deed is not estopped, in an action by another party not founded on the deed and wholly collateral to it, from disputing the truth of certain facts recited and set forth in the deed." "The

same principle which has created an estoppel in certain cases where none would have existed at law, has in others destroyed that which the law could have created, for as an estoppel will be called into being for the prevention of fraud, it will be suppressed when fraud will be produced by its existence." Herman's Law of Estoppel, Secs. 246, 247 and 248. The statement contained in this receipt is, at the most, but an admission of the party who signed it. It is in a transaction collateral to this suit, not between the parties to the suit, and while it refers to a transaction out of which has arisen the right which this suit is brought to enforce, yet it can not be supposed that it was intended to affect in any degree the rights of the parties hereto, nor is it perceived how the plaintiff has been affected by it, by reason of acts done, rights waived, or liabilities incurred upon the faith of the admission. We know of no rule that would render an admission made under such circumstances, conclusive. While the whole tract was rated at $500 per acre, yet this suit is not brought to recover the amount received for the whole, but only that realized for a part. It is easy to see that in making a round valuation for the whole, the relative values of the parts may have been very unequal, and because $500 per acre is the agreed price for the whole, it does not follow that each parcel was of that value. It may be that the two tracts when sold together brought more in the aggregate than if sold separately. The true inquiry is, how much, fairly and equitably, ought Short to account for to the estate of Hays, in reference to this transaction, and in solving this question it is pertinent to ascertain all the circumstances as to the relative values of the two tracts and the estimate put upon each in the trade. In excluding evidence to this effect, we think the court erred. It is, perhaps, worthy of notice that the instrument speaks of the land as containing only thirty-seven acres when it contained a half acre more, and as it was signed by a mark, that Short was evidently an illiterate man, that he therefore did not write the paper and probably could not read it, and possibly was not aware just what it contained—strong reasons for saying that it was hastily drawn, intended as a memorandum merely be-

tween Short and Lovingston to answer a temporary purpose until more formal papers could be prepared, and never intended by Short to bind him in reference to the present controversy. While it is competent evidence tending to establish the amount received by him, it is not conclusive. Appellant objects to the action of the court in giving, refusing and modifying instructions, but we fail to see that there is substantial cause of complaint upon the grounds as presented, and we omit a more extended notice of them. Appellee presents an elaborate calculation to show that at all events the verdict of the jury is within the rights of the parties. We are not inclined to follow counsel in this field of inquiry, for the reason that as we regard the case, important evidence was excluded which, if admitted, would perhaps have made the verdict considerably smaller than it is; and while if this evidence had been admitted, the verdict might have been the same, yet there is nothing to induce such a conclusion. There were other items which entered into the account, and it is impossible to say what allowance was made by the jury as to the various matters which were submitted to their consideration, nor what would have been the result had they been permitted to hear the testimony which was offered and excluded.

The judgment will be reversed and the cause remanded.

Reversed and remanded.